## Kohn v. Yellow Cab Company of Philadelphia

*Samuel Moonblatt*, for plaintiff.
*C. Gary Wyncoop*, for defendant.

TAKIFF, *J.*, April 9, 1976—Plaintiff commenced this action in assumpsit, seeking to recover disability benefits under the provisions of a collective bar-

gaining agreement entered into between defendant, Yellow Cab Company of Philadelphia, and Local No. 156 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, dated April 8, 1969. Plaintiff, a driver-employe of defendant, alleges that he is "totally and permanently disabled" within the meaning of that agreement and is, therefore, entitled to disability benefits under its terms. Defendant denies that plaintiff is so disabled. The agreement provides that any dispute with respect to the provisions of the agreement "shall be settled by arbitrators. The arbitrators shall consist of one (1) person chosen by COMPANY, and one (1) person chosen by UNION. . . ." The agreed procedure being exclusive under the law, we granted defendant's motion for summary judgment without prejudice to plaintiff's right under the arbitration procedure provided by the agreement.

From the undisputed facts set forth in the pleadings, it appears that the union has not notified defendant that it disputes defendant's decision against plaintiff's claim; no effort has been made to begin arbitration proceedings. Plaintiff, therefore, prays that the judgment be stricken and that this court retain jurisdiction and either designate arbitrators or hear the claim on the merits.

This prayer cannot be granted. The court cannot rewrite the collective bargaining agreement, and this principle was the basis of our earlier decision to grant summary judgment. Under that agreement, defendant has no obligation to submit a claim for arbitration and/or designate an arbitrator unless it is notified that its decision is disputed by the union. The union has not done so. If plaintiff contends that the union failed to represent him adequately in

prosecution of his grievance (which has not been alleged), his remedy is by appropriate proceedings against the union. Minimally, the union is a necessary party in whose absence the requested relief will not be granted.

## ORDER

And now, April 9, 1976, it is hereby ordered and decreed that the petition of plaintiff, Morris Kohn, for an order striking judgment entered August 21, 1973 is denied.